PER CURIAM.
This is a suit by Cy D. F. Courtney against Wade O. Martin, Jr., Secretary of State of Louisiana, to have his name *596 placed on the ballot as an independent candidate for the office of Associate Justice of the Supreme Court of this State in the March 20, 1973, special election for that office. His suit was dismissed in the trial court, and he has appealed.
Mr. Courtney filed his nomination papers with the Secretary of State on a date subsequent to the August 19, 1972, Democratic first primary election called for the purpose of nominating a candidate for Associate Justice, but prior to the September 30, 1972, second primary.
On September 27, 1972, Mr. Courtney was advised by the Secretary of State that his papers were approved as to form and legality, and that his name would appear on the election ballot. On October 2, 1972, the Democratic nominee selected in the second primary wrote the Secretary of State objecting to the acceptance of the nominating papers filed by plaintiff on the ground that they should have been filed prior to the first primary, and were therefore filed too late.
A hearing was held by the Contest Board provided for by R.S. 18:628, and that body found that the papers were filed too late, and declared same to be null and void. Mr. Courtney filed this suit in the district court, and, from an adverse judgment, has appealed.
Two questions are presented for review. First, plaintiff contends that the Contest Board was without jurisdiction to entertain the objection.
R.S. 18:628 provides as follows:
“Certificates of nomination for presidential electors and nominating papers so filed and being in apparent conformity with the provisions of Subpart A through G of this Part are deemed to be regular, unless objection to their regularity is made in writing within seventy-two hours after the last day allowed by law for filing the papers. Such objections arising in relation thereto shall be considered by a contest board composed of the Secretary of State, the State Auditor, the State Treasurer, and two electors to be appointed by the governor within twenty-four hours after -the last day and hour for the filing of the objections. The decision of the majority of these officers is final.
“Where objection is made, the objector shall at the same time notify the party affected thereby and shall certify under oath to the Secretary of State in what manner he has notified the party. If for any reason no decision is reached within that time, the certificate is considered regular.”
 As we appreciate Mr. Courtney’s argument, the Board can only consider questions of the technical regularity of the papers, and not matters such as their timely filing. We think this to be too restrictive an interpretation. We find the term “regularity” as used in R.S. 18:628 includes all matters relating to the validity of the nominating papers presented by a candidate for public office.
The second question is presented by Courtney’s argument that he was not required to file his nomination papers before the first primary as held by the election board, since R.S. 18:624(C) of the General Election Law provides that they should be filed on or before the second primary. R.S. 18:624(C) provides :
“C. All nominating papers, as provided for in Sub-parts A through G of this Part, shall be filed with the secretary of state on or before the date on which the second primary is to be held to nominate candidates by political parties. Any nominating papers filed after any second primary is held are null and void and shall be disqualified by the secretary of state.” (Emphasis added)
He also argues that R.S. 18:627 relied upon by the board, which requires that nomination papers be filed on or before the date of the first primary, to disqualify him does not apply to him as an independent *597 candidate for Associate'Justice of the Supreme Court but applies solely to presidential electors. R.S. 18:627 states:
“Certificates of nomination of presidential electors as provided for in Sub-parts A through G of this Part shall be filed with the secretary of state prior to the seventh Tuesday before the day of election. All nomination papers shall be filed with the secretary of state on or before the date of the holding of the primary by recognized political parties. When it becomes legally necessary to hold an election to fill a vacancy, nomination papers shall be filed on or before the date of the first primary held to nominate candidates by any political parties recognized by law.” (Emphasis added.)
Were appellant seeking nomination in a general or regular election as an independent candidate, his position would be well taken. R.S. 18:624 provides the kinds of offices for which independent candidate or candidates not a member of a recognized political party may file and how and when such candidates must file. The provisions of R.S. 18:624(C) thereby require that an independent candidate must file his nomination papers on or before the date on which the second primary is to be held. However, by reference to the Governor’s Proclamation (Exhibit P-1), the election call was for a special election to fill a vacancy which will exist in the office of Associate Justice of the Supreme Court of Louisiana from the First Supreme Court District. In such case we are referred to that provision of R.S. 18:627 which requires an independent candidate to file his nomination papers on or before the first primary.
Appellant is in error in his assumption that R.S. 18:627 applies only to nomination of presidential electors.
In tracing the legislative history of Section 627, we find its first appearance in Act 137 of 1896, Section 54, which reads:
“Certificates of nomination, under the provisions of this act, shall be filed with the Secretary of State, before 5 o’clock p. m., on the fourth Tuesday before the day of election; and nomination papers shall be filed with the Secretary of State before 5 o’clock p. m. on the third Tuesday before the day of election; provided, that in cases where, under the law, it becomes necessary to hold an election to fill a vacancy, such certificates of nomination and nomination papers shall be filed not less than fourteen full days before the election.”
At that time, political parties made their nominations at party caucuses, and independent candidates qualified substantially as they do today. The act had no application to the election or selection of presidential electors. It is clear that it would have been applicable to the situation here presented.
In 1916, the first primary election law was adopted and the general election law was changed to conform therewith. Act 130 of 1916 also incorporated provisions for the selection of presidential electors by the state central committees of recognized political parties. Section 54 thereof reads as follows:
“Be it further enacted, etc., That certificates of nomination of Presidential Electors as provided for in this Act shall be filed with the Secretary of State prior to the fifth Tuesday before the day of election; and all nomination papers shall be filed with the Secretary of State on or before the date of the holding of the primary election by recognized political parties; provided, that in case of vacancies where, under the law, it becomes necessary to hold an election to fill a vacancy, nomination papers shall be filed on or before the date of the first primary election held to nominate candidates by any political parties recognized by law.”
It can be seen that the foregoing is substantially the same as R.S. 18:627. We fur *598 ther think that the meaning of the last two sentences is unchanged from the 1896 act except for the change in the appropriate times of filing. We are of the opinion that the legislative history makes it clear that only the first sentence of R.S. 18:627 was intended to apply to presidential electors, and the other two sentences apply to all nominations of independent candidates for office. Since this is an election to fill a vacancy, and since the third sentence of Section 627 is the only provision of the General Election Law which provides when nomination papers must be filed in such an election, we hold it to be applicable to the instant case.
For the above reasons, the judgment appealed from is affirmed, at plaintiff’s costs.
Affirmed.